PER CURIAM.
The Florida Bar has submitted the following Petition, together with sworn convincing proof of misconduct, justifying the entry of the following Order:
“PETITION FOR TEMPORARY SUSPENSION UNDER INTEGRATION RULE 11.10(5)
“The Florida Bar, Complainant, respectfully petitions this Court to temporarily suspend RICHARD H. COBOURN, pursuant to Integration Rule 11.10(5) of The Florida Bar.
“The Florida Bar further petitions this Court to issue an Order of Injunction, pursuant to Integration Rule 11.10(5), preventing any bank from disbursing funds, trust funds, or releasing any other properties from any account or upon any obligation of RICHARD H. COBOURN, except upon further order of this Court.
“And, The Florida Bar further petitions this Court, pursuant to Integration Rules 11.10(5) and 11.10(1), to order the Respondent, RICHARD H. COBOURN, to report and account fully and completely to the Clerk of this Court, with copy to Staff Counsel of The Florida Bar, as to each Trust Account, office account and/or general account upon which he is a signatory, as provided in Integration Rule 11.02(4).
“In support of this petition The Florida Bar states as follows:
“1. The Respondent is, and at all times hereinafter mentioned was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida and the Integration Rule of The Florida Bar.
*335 “2. Attached is the affidavit of Michael D. Bodne, Esquire, attorney for Ms. Olga Hardman, a 74 year old widow. The affidavit shows that Richard H. Cob-ourn was given $50,000 by Mrs. Hardman to invest in tax certificates but has failed to account for or return the $50,000.

“3. Grievance Committee 17A of the Seventeenth Judicial Circuit has found probable cause that Richard H. Cobourn has converted Mrs. Hardman’s $50,000 to his own use .
“4. Attached are the affidavits of Jerry Glick and Louis D. Segall. Their affidavits show that Richard H. Cobourn has failed to promptly deliver or even account for $12,853.49 of trust monies. .
“5. The affidavits . . . also show reason to believe that Richard H. Cobourn’s trust funds and other accounts are in disarray and in violation of the Integration Rule of The Florida Bar.
“6. Attached is the affidavit of Ms. Garnett Kelly. The affidavit shows that Richard Cobourn has failed to account for $11,000 of trust monies. .
“7. The affidavit of Ms. Kelly . also shows reason to believe that Richard H. Cobourn has abandoned his law practice, taking all known monies with him with disregard for clients, the public, and the rules of this Court.
“8. Attached is the affidavit of Paul E. Gilbert. The affidavit shows that Richard H. Cobourn has failed to promptly deliver or even account for $22,000 of trust monies.
“9. The affidavits and attachments clearly show serious and substantial irregularities in the trust accounts and general accounts of Richard H. Cobourn.
“10. The affidavits and attachments clearly show reason to believe that Richard H. Cobourn has already converted to his own use approximately $100,000 of monies entrusted to him by the public.
“11. The affidavits and attachments clearly show reason to believe that Richard H. Cobourn has abandoned his responsibilities to the public, his clients and this Court.
“12. Pursuant to Integration Rule 11.-10(5), this Petition is filed with the authorization of the President of The Florida Bar, Edward J. Atkins.
“WHEREFORE, The Florida Bar fears great public harm will continue to be done unless immediate action is taken to suspend Richard H. Cobourn, pursuant to Integration Rule 11.10(5).”
The Court has carefully examined the accompanying affidavits demonstrating the alleged misconduct of respondent. It is, therefore, ordered that:
(1) Respondent be and is hereby forthwith suspended from the practice of law in this State, such suspension to continue until respondent shall show just cause for modification of said order or until the Court shall modify same.
(2) Respondent shall make a complete financial report of his trust funds and accounts to the Clerk of this Court within thirty (30) days from the entry of this order.
(3) All commercial banks, savings institutions or others having possession of trust funds received from respondent are directed to retain same and account forthwith to this Court relating to the amounts and conditions of such funds. Such report to be made to this Court within ten (10) days after receipt of a copy of this order.
(4) Respondent is enjoined from withdrawing any escrow funds now on deposit with any commercial institutions without further order of this Court.
It is so ordered.
OVERTON, C. J., and ADKINS, BOYD, SUNDBERG and KARL, JJ., concur.